IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES C. MOORE,<br><br>               Petitioner,<br><br>    vs.<br><br>STATE OF ALASKA,<br><br>               Respondent. | No. 3:20-cv-00193-JKS<br><br>ORDER OF DISMISSAL |

On July 22, 2020, James C. Moore filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Moore challenges his 2009 conviction for online enticement of a minor, entered following a guilty plea in the Alaska Superior Court, Case Number 3AN-07-00038CR, on the ground that he was denied the effective assistance of counsel at trial. *Id.*

After reviewing the Petition and the state court dockets, this Court issued an Order to Show Cause ("OSC") on August 11, 2020, directing Moore to file a Response addressing the facial untimeliness of the Petition and whether he meets the "in custody" requirement of § 2254. Docket No. 2. The OSC expressly directed Moore to explain how the Petition is timely (if he so contends) and to provide any available competent evidence to establish such timeliness, as well as provide evidence that he satisfies the "in custody" requirement of 28 U.S.C. § 2254. Moore responded to the OSC on September 8, 2020. Docket No. 3. In his Response, Moore fails to

-1-

address whether he is "in custody" on the conviction he challenges, and argues that he believed his Petition was timely "[b]ased on advice from [his] past lawyers that were representing [him] in every step of [his] appeal process."

The Court has considered the Petition, the record, and Moore's Response and must conclude that dismissal of this action with prejudice is warranted due to lack of jurisdiction and untimeliness. *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (The "'in custody' requirement is jurisdictional and therefore, 'it is the first question we must consider.'") (citation omitted). As this Court explained in the OSC, 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court*." (emphasis added). This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).

It is well-established that, "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492; *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir. 1990) (concluding that, under *Maleng*, even when collateral consequences significantly harm habeas petitioners, the harm is not the relevant "in custody" inquiry). While *Maleng* noted that collateral consequences could prevent a petition filed while the petitioner was in state custody from becoming moot after a petitioner's release from custody, *Maleng* foreclosed any argument that collateral consequences could satisfy the "in custody" requirement of § 2254 for a petition filed after the expiration of the state sentence. *See* 490 U.S. at 492. As the Court further explained, the Ninth Circuit routinely has held that a state sex offender registration requirement "does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas relief." *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999) (California statute); *see also*

*McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1182-84 (9th Cir. 1998) (Washington statute). Moore was therefore not in the custody of the Alaska Department of Corrections on the 2009 conviction he now challenges when he filed the instant Petition on July 22, 2020.

Moreover, the Petition also must be dismissed as untimely. Here, judgment was issued in Alaska Superior Court Case No. 3AN-07-00038CR on November 6, 2009. *See* https://records.courts.alaska.gov/ (Case No. 3AN-07-00038CR). His conviction was affirmed in the Alaska Court of Appeals on April 5, 2013. *See* https://appellate-records.courts.alaska.gov/ (Case No. A10661); *Moore v. State*, 298 P.3d 209 (Alaska Ct. App. 2013). The Alaska Supreme Court denied his petition for hearing on May 3, 2013. *See* https://appellate-records.courts.alaska.gov/ (Case No. S-15151); Docket No. 1 at 2. His conviction became final on direct review 90 days later, when his time to file a petition for *certiorari* in the U.S. Supreme Court expired on August 1, 2013. *See Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003). He thus had one year—or until August 1, 2014—to file a federal habeas petition challenging it.

Moore then filed in the Alaska Superior Court a post-conviction relief ("PCR") application on April 18, 2014. *See* https://records.courts.alaska.gov/ (Case No. 3AN-14-06329CI). When he filed the PCR application, 260 days of the 1-year AEDPA deadline period had elapsed. The Court of Appeals affirmed the denial of the PCR application on April 3, 2019, *see* https://appellate-records.courts.alaska.gov/ (Case No. A12575), and the Alaska Supreme Court denied his petition for hearing on July 23, 2019, https://appellate-records.courts.alaska.gov (Case No. S-17456). When the Alaska Supreme Court denied the petition for hearing, the clock again began running on the AEDPA deadline. By the time Moore filed the instant Petition on July 22, 2020, an additional 365 days had elapsed.

As the Court explained, although Moore may now believe that he was observing the one-year AEDPA deadline by filing the instant Petition within one year of the conclusion of his PCR

state proceedings, that calculation disregards the time period between the conclusion of his direct appeal proceedings and his filing of the state PCR application, during which 260 days had elapsed. The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *overruled on other grounds by Carey v. Suffold*, 536 U.S. 214, 225 (2002).

In his Response, Moore states that his inaccurate belief was "[b]ased on advice from [his] past lawyers." Response at 2. Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Consequently, "a garden variety claim of excusable neglect . . . such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651 (2010) (internal citations omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) ("[a]ttorney miscalculation simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"). Consequently, Moore's Petition is also untimely, and he is not entitled to equitable tolling.

**IT IS THEREFORE ORDERED THAT:**

1. The Petition at Docket No. 1 is DISMISSED WITH PREJUDICE for lack of jurisdiction and untimeliness.

2. All pending motions are DENIED as moot.

3. The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

4. The Clerk of Court is directed to issue a judgment accordingly.

Dated at Anchorage, Alaska this 14th day of September, 2020.

s/James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge